UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

        Plaintiff,         CIVIL NO: 07-12388

                                    DISTRICT JUDGE MARIANNE O. BATTANI
                                    MAGISTRATE JUDGE STEVEN D. PEPE

vs.

PATRICIA CARUSO ET AL,

        Defendants.
_____/


**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGEMENT
FROM THIS COURT'S OCTOBER 12, 2007, ORDER (DKT. #7),
AND
ORDER DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING
DEFENDANTS' COUNSEL TO ASSIST WITH SUMMONS (DKT. #29)**

      This is a civil rights action brought by Plaintiff, a state prisoner, pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). On October 31, 2007, Plaintiff filed his "Motion For Relief From Judgment Fed. R. Civ. P. 60(b) From This Court's October 12, 2007, Order Denying Plaintiff *In Forma Pauperis* Status" (Dkt. #7). Plaintiff also filed a "Motion Requesting An Order Directing Defendants' Counsel To Assist With The Service Of Summons And Complaint Due To Defendants' Refusal To Accept Notice Or Waive It Pursuant to Fed. R. Civ. P 4(d)(2), Causing Unnecessary Cost To The Plaintiff" (Dkt. #29). All pre-trial matters were referred under 28 U.S.C. § 636(b) on December 12, 2007 (Dkt. #27). For the reasons indicated below, it is **ORDERED** that Plaintiff's motions are **DENIED**.

1

## I. PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

District courts enjoy "broad discretion" in determining whether relief under Rule 60(b) is warranted. As a prerequisite to relief under Rule 60(b), however, a party must establish that the facts of this case are within one of the enumerated reasons contained in Rule 60(b). *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). Plaintiff's motions make no attempt to establish that the facts of his case fall within any particular subsection of Rule 60(b). Nonetheless, the Court has reviewed the applicable subsections and finds that Plaintiff has failed to demonstrate entitlement to relief under any part of Rule 60(b). Plaintiff's motion does not provide any prudent reason for vacating this Court's October 12, 2007, order denying Plaintiff's Motion to Proceed *In Forma Pauperis*."

28 U.S.C. §1915 provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security . . . " District courts have discretion to grant or deny a motion requesting *in forma pauperis* status under 28 U.S.C. §1915(a). Proceeding *in forma pauperis* is a privilege and not a right. *Shobe v. People of the State of California*, 362 F.2d 545, 546 (9th Cir. 1966).

Here, the basis for the Court's denial of Plaintiff's *in forma pauperis* request was three-fold. First, Plaintiff paid the full filing fee of $350.00. Case law provides that full payment of the filing fee in a civil rights case can provide a basis for denying the inmate's motion for *in forma pauperis* status. *Shisinday v. Texas Department of Criminal Justice-Agency*, 124 Fed. Appx. 898, 899 (5th Cir. 2005); *Jones v. Barnett*, 2006 WL 1007541, *2 (E.D. Mich. 2006). Second, Plaintiff was able to produce the requisite number of copies necessary to serve

the twenty-seven party defendants named in this case. Finally, Plaintiff has $427.30 in his trust account with the Michigan Department of Corrections. Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate funds to pay the filing fee. *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974). Because Plaintiff has not only paid the $350.00 filing fee and the costs for service copies, but also still has sufficient funds to effectuate service in this case, the Court found that Plaintiff will be responsible for effectuating service upon the named party defendants.

Because Plaintiff has failed to provide sufficient cause why the Court's previous holding should be vacated, it is determined that his motion for relief from judgment is **DENIED**. Finally, Plaintiff requests that should this Court deny his motion that it issue an order requiring that all the "Copies and Summons" he provided the Court be returned to him. On the docket, there is a November 6, 2007, entry indicating that "Summonses issued and service copies [were] returned to plaintiff via UPS." Accordingly, Plaintiff's request is moot.

## II.     PLAINTIFF'S MOTION REQUESTING ASSISTANCE WITH SERVICE

Plaintiff has sought to require Defendants' counsel to accept service for all Defendants. Yet, because Plaintiff is not proceeding *in forma pauperis*, he is solely responsible for serving all Defendants. Moreover, although he claims to have attempted service three times, he provides no proof of this; and he does not indicate whether his subsequent attempts were addressed to the correct addresses as provided to him. Indeed, from a review of the submissions, it appears that Plaintiff originally served most of the Defendants at the wrong addresses.

Lorri Melling, who works in the building where the summonses were sent and who

3

appears to have responded to most of the summonses sent out by Plaintiff, responded with letters informing Plaintiff where some of the Defendants could be served (Dkt. #29, Appendix A). This is the same treatment that is given when the U.S. Marshals Service directs a complaint to the wrong address. Looking at the exhibits attached to Plaintiff's motion, it appears that Lorri Melling provided Plaintiff with proper addresses for 11 of the 27 Defendants. Two of the Defendants (Tom Stewart and C/O Ellisworth) were not able to be identified (Dkt. #29, Ex. 2-C; 2-D). Two more of the Defendants (J. Ricci and Ron Green) are no longer employed by the Michigan Department of Corrections (MDOC), and Lorri Melling, or any other state employee, cannot accept service for them (Dkt. #29, Ex. 2; 2-A; 2-B). The CMS Defendants are not MDOC employees and thus are not employees of the State of Michigan. Therefore, MDOC does not have authority to accept service on their behalf.

The served Defendants do not have a duty to assist Plaintiff in perfecting service of process on other Defendants. The MDOC, however, through Lorri Melling, has already assisted by providing Plaintiff with facility mailing addresses for current MDOC employees that the Plaintiff wishes to sue. While Defendants have a duty to save costs as to their own service (possibly by signing a waiver of service form if one is sent), this duty does not apply to saving the costs of serving other Defendants. Accordingly, Plaintiff's motion requesting assistance with service is **DENIED**. If the costs of mailing summonses via certified mail return receipt requested are too high for Plaintiff, he should consider using waiver of service forms.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part

4

of the Order to which the party objects and state the basis of the objection. Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: January 23, 2008　　　　　　　　　　　　　s/ Steven D. Pepe
Ann Arbor, MI　　　　　　　　　　　　　　　　　United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 23, 2008
　　　　　　　　　　　　　　s/ Alissa Greer
　　　　　　　　　　　　　　Alissa Greer
　　　　　　　　　　　　　　Courtroom Deputy Clerk
　　　　　　　　　　　　　　United States District Court