UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

        Plaintiff,        CIVIL NO: 07-12388

                                  DISTRICT JUDGE MARIANNE O. BATTANI
                                  MAGISTRATE JUDGE STEVEN D. PEPE

vs.

PATRICIA CARUSO ET AL,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC., CRAIG HUTCHINSON, M.D., AND ARDESHIR FAGHIHNIA, M.D.'S MOTION TO COMPEL PLAINTIFF TO AUTHORIZE ACCESS TO MEDICAL RECORDS (DKT. #55)

        This is a civil rights action brought by Plaintiff, a state prisoner, pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). On May 21, 2008, Defendants filed their motion to compel Plaintiff to authorize access to medical records (Dkt. #55). On May 28, 2008, Plaintiff filed his response to Defendants' motion arguing that it should be denied, as well as indicating that he has not received prior notice or requests for authorization to obtain any medical documents (Dkt. #58). All pre-trial matters were referred under 28 U.S.C. § 636(b) on December 12, 2007 (Dkt. #27). For the reasons indicated below, Defendants' motions is **GRANTED**.

        On or about June 4, 2007, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. At the time of the events giving rise to the present action, Plaintiff was apparently incarcerated by the Michigan

1

Department of Corrections in the Southern Michigan Correctional Facility, formerly located in Jackson, Michigan. Plaintiff is currently incarcerated in the Macomb Correctional Facility, located in New Haven, Michigan. Plaintiff named 28 Defendants, including Defendants, Correctional Medical Services, Inc. ("CMS"), Dr. Hutchinson and Dr. Faghihnia.

Counsel for moving Defendants, as is routinely done in cases involving prisoner suits that bring the Plaintiff's physical condition into question, requested as part of its basic investigation into the case, signed authorization from Plaintiff to access his medical records. On April 8, 2008, counsel sent two medical release/authorization forms with correspondence to Plaintiff at the Macomb County Correctional Facility, requesting Plaintiff to return the signed authorizations within ten days (Dkt. #55, Ex. A). Defendants indicate that now more than one month later, Plaintiff has not responded. Moreover, there is no reason for Plaintiff's delay in returning the medical release/authorization forms because Plaintiff has remained incarcerated at the Macomb County Correctional Facility from the time that the April 8, 2008, correspondence was mailed out until the present.

Here, Plaintiff's Complaint raises allegations concerning an alleged significant medical condition and serious allegations concerning Defendants' treatment of same. Because Plaintiff has placed his medical history in direct question by filing the present suit, he has made his medical records a legitimate source of discovery. Without Plaintiff's authorization, Defendants and their counsel will likely be unable to obtain access of Plaintiff's medical records to verify the basis, if any, for his claims and will be severely prejudiced in defending this suit. Therefore, Defendants are entitled to access Plaintiff's complete medical records.

Pursuant to Rule 37(a), a motion may be made to the court to compel discovery or disclosure of evidence or records. Fed. R. Civ. P. 37(a). The purpose of the Federal Rules of Civil Procedure with regard to discovery matters is as follows:

> The rules of discovery contained in the Federal Rules of Civil Procedure were designed to operate with a minimum of judicial interference . . . . The rationale behind this spirit of self-determination is not that the Court is too busy to be bothered with discovery disputes, nor that discovery is not an important enough element of litigation to warrant judicial attention, but that the rules lay out broad and liberal guidelines in a search for the truth so that even opponents in the heat of the fray can step back and acknowledge that relevant information must be shared.

*Pauley v. United Operating Co.*, 606 F. Supp. 520, 525-26 (E.D. Mich. 1985).

Fed. R. Civ. P. 26(b)(1), provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." Because this case involves medical treatment, the only conceivably relevant privilege is the physician-patient privilege.[1] Yet, in *G.M.C. v. Director of the Nat'l Institute for Occupational Safety & Health*, 958 F.2d 1367, 1373 (6th Cir. 1992) (internal citations omitted), the Sixth Circuit held that:

> [t]he common law did not recognize a physician-patient privilege at all. Neither has Congress codified the concept in a federal statute. A decision in this case based on considerations of the physician-patient relationship would, in effect, expand the scope of the "federal common law." This we decline to do.
>
> Because the federal courts do not recognize a federal physician-patient privilege, appellant's arguments regarding the scope of that privilege must be rejected, and the district court's decision affirmed.

Moreover, even if, *arguendo*, the Court chooses to look further, believing that there is an element of state claim in this case, Michigan law results in the same conclusion, i.e., access to

---

[1]

the medical records should be permitted. In *Schuler v. United States*, 113 F.R.D. 518, 521 (W.D. Mich. 1986), the court explained how federal courts deal with Michigan-related privilege matters:

> It is clear that the Michigan Supreme Court intended that MCR 2.314 control the procedures involved in assertion of and waiver of the physician/patient privilege. The rule was promulgated in full awareness of the conflicting statutory provisions and the committee notes indicate that the intent of the rule is to "require[s] a party to decide whether or not to assert the privilege at the discovery stage." MCR 2.314, advisory note. The committee further comments that "if a party does not assert the privilege in response to a request to produce, it is waived." *Id.* In addition to judicial intent in this regard, the general rule is that where a court rule and statute conflict on procedure, the court rule controls. *Schaeffer v. Schaeffer*, 106 Mich. App. 452 (1981). Moreover, Michigan courts have held that rules of evidence are matters involving judicial practice and procedure and they therefore take precedent over conflicting statutes. *Dahn v. Sheets*, 104 Mich. App. 584 (1981).

Michigan law provides specifically for the disclosure of medical records once a physical condition has been introduced as part of the claim. According to MCR 2.314, medical records are subject to discovery requests when the physical condition of a party is placed in controversy in a case:

> (A) Scope of Rule.
>
> (1) When a mental or physical condition of a party is in controversy, medical information about the condition is subject to discovery under these rules to the extent that (a) the information is otherwise discoverable under MCR 2.302(B), and (b) the party does not assert that the information is subject to a valid privilege.
>
> (2) Medical information subject to discovery includes, but is not limited to, medical records in the possession or control of a physician, hospital, or other custodian, and medical knowledge discoverable by deposition or interrogatories.
>
> (3) For purposes of this rule, medical information about a mental or physical condition is within the control of the party, even if the information is not in the party's immediate physical possession.

Therefore, it is clear that, in this case, Plaintiff's medical records are discoverable

elements to which Defendants' counsel should be allowed access. Also of note is Mich. Comp. Laws § 330.1750(2)(a), which states:

> (2) Privileged communications shall be disclosed upon request under 1 or more of the following circumstances:
>
> (a) If the privileged communication is relevant to a physical or mental condition of the patient that the patient has introduced as an element of the patient's claim or defense in a civil or administrative case or proceeding or that, after the death of the patient, has been introduced as an element of the patient's claim or defense by a party to a civil or administrative case or proceeding.

Because Plaintiff has introduced his physical condition as an element of his claim, it is clear that, under section 2(a), Plaintiff must release his medical records.

Defendants are entitled to discovery regarding any relevant matter, not privileged, which is reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiff's medical records are not subject to any valid, applicable privilege, his medical records are clearly subject to discovery. Accordingly, Defendants' motion is **GRANTED**, and Plaintiff is **ORDERED** to authorize Defendants access to his medical history by signing authorizations provided by Defendants. Defendants shall submit these authorizations to Plaintiff on of before June 10, 2008. Plaintiff is then **ORDERED** to sign and return these medical authorizations to Defendants on or before June 24, 2008.

**NOTICE TO PLAINTIFF:** Failure to comply with this Order BY SIGNING THE signing authorizations may result in sanctions, including dismissal of Plaintiff's Complaint.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: June 10, 2008                                       s/ Steven D. Pepe
Ann Arbor, MI                                          United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 10, 2008.

                                                           s/ Alissa Greer
                                                           Case Manager to Magistrate
                                                           Judge Steven D. Pepe
                                                           (734) 741-2298