UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

          Plaintiff,          CIVIL NO: 07-12388

                                      DISTRICT JUDGE MARIANNE O. BATTANI
                                      MAGISTRATE JUDGE STEVEN D. PEPE

vs.

PATRICIA CARUSO ET AL,

          Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. #67)
AND
ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITION
OF PLAINTIFF PURSUANT TO FED. R. CIV. P. 30 (DKT. #78)**

      This is a civil rights action brought by Plaintiff, a state prisoner, pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). On July 9, 2008, Plaintiff filed a "Motion to Compel Defendants CMS, Faghihnia, and Hutchinson's Failure to Produce Documents" (Dkt. #67). On July 21, 2008, Defendants filed their response to Plaintiff's motion arguing that it should be denied (Dkt. #71). Defendants Correctional Medical Services, Inc. ("CMS"), Craig Hutchinson, M.D., and Ardeshir Faghihnia, M.D. ("Defendants") also filed an August 19, 2008, motion for leave to take the deposition of Plaintiff pursuant to Fed. R. Civ. P. 30 (Dkt. #78). All pre-trial matters were referred under 28 U.S.C. § 636(b) on December 12, 2007 (Dkt. #27). For the reasons indicated below, Plaintiff's motion is **DENIED** and Defendants' motion is **GRANTED**.

      **I.**      **Plaintiff's Motion to Compel**

1

Plaintiff's "Motion to Compel Defendants CMS, Faghihnia and Hutchinson's Failure to Produce Documents" should be interpreted as a motion to compel the production of documents. On May 28, 2008, Plaintiff served a Request for Production of Documents upon counsel for Defendants via mail (Dkt. #71, Ex. A). In these requests, Plaintiff predominately seeks the production of documents relating to his medical care and treatment while in the custody of the Michigan Department of Corrections ("MDOC"). Plaintiff also seeks the contract between MDOC and CMS, and a copy of any log book entry or incident report related to Plaintiff.[1] On June 20, 2008, counsel for Defendants timely served their responses and objections to Plaintiff's discovery requests upon Plaintiff (Dkt. #71, Ex. B). Counsel objected to all of Defendants requests on the grounds that the documents requested were not in the possession, custody, or control of Defendants, and, where appropriate, directed Plaintiff to his medical records, as the majority of the documents requested were contained within them.

Under Rule 34, a party may serve on another party a request to produce and permit the requesting party to inspect, copy, test, or sample the requested materials, so long as the requested materials are within the responding party's "possession, custody or control." Fed. R. Civ. P. 34(a)(1). Therefore, only those documents within the possession, custody or control of the responding party may be properly requested under Fed. Civ. P. 34.

Pursuant to Rule 37(a), a motion may be made to the court to compel discovery or

---

[1] In response to the contract request, Defendants Hutchinson and Faghihnia responded that they are not in custody of the document. Defendant CMS objected to producing the contract because the document includes a non-disclosure clause which prohibits CMS from disclosing the agreement without violating the terms therein. Notwithstanding the same objection, Defendants directed Plaintiff to review the policy directives of the MDOC (Dkt. #71, Ex. A, p. 2). As for the log book, Defendants indicated they are not in control of it, and believe it is in the custody of the MDOC (*id.* at 3).

disclosure of evidence or records. Fed. R. Civ. P. 37(a). The purpose of the Federal Rules of Civil Procedure with regard to discovery matters is as follows:

> The rules of discovery contained in the Federal Rules of Civil Procedure were designed to operate with a minimum of judicial interference . . . . The rationale behind this spirit of self-determination is not that the Court is too busy to be bothered with discovery disputes, nor that discovery is not an important enough element of litigation to warrant judicial attention, but that the rules lay out broad and liberal guidelines in a search for the truth so that even opponents in the heat of the fray can step back and acknowledge that relevant information must be shared.

*Pauley v. United Operating Co.*, 606 F. Supp. 520, 525-26 (E.D. Mich. 1985). Yet, a motion to compel the production of documents may only be filed under Fed. R. Civ. P. 37 with respect to requests that are valid under Fed. R. Civ. P. 34.

In the present case, Plaintiff has requested documents outside the scope of Fed. R. Civ. P. 34, because the requested documents are not in the possession, custody or control of the Defendants. Furthermore, Plaintiff has access to a majority of the requested documents because he has full and unfettered access to his medical records and may obtain a full and complete copy of them at his own request to the MDOC. They also have custody of the log book he seeks. Although Defendants' motion to compel Plaintiff to authorize access to medical records was granted on June 10, 2008 (Dkt. #60), Defendants indicate in their response that they have yet to receive Plaintiffs' medical records from MDOC. Defendants have stated in their response that once they receive Plaintiff's medical records from MDOC, they are willing to provide Plaintiff with a copy of those records, provided Plaintiff covers the cost of copying the documents.

Because Defendants do not have possession, custody or control of the documents requested and Plaintiff has access to a majority of the documents, it is improper to compel Defendants to produce the documents. Accordingly, Plaintiff's motion is **DENIED**, with the

stipulation that upon Plaintiff's request, Defendants will provide a copy of Plaintiff's medical records to the Plaintiff, once those records are received, provided Plaintiff pays the copying costs. *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983)(holding that there is no constitutional or statutory requirement to waive an indigent prisoner Plaintiff's costs of discovery)." *Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003).

## II. Defendants' Motion to Take Deposition

On August 19, 2008, filed their motion requesting leave to take the deposition of Plaintiff in order to help pursue their defense in this matter (Dkt. #78). Plaintiff is currently incarcerated by the Michigan Department of Corrections in the Macomb Correctional Facility located in New Haven, MI. Pursuant to Fed. R. Civ. P. 30(a)(2), a party must obtain leave from the court to take a deposition when the deponent is confined in prison. Defendants have the right to depose a prisoner Plaintiff. *See Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir.1981).

Accordingly, this Court finds that, pursuant to Fed. R. Civ. P. 30, Defendants' motion is be **GRANTED**. Counsel for Defendants Correctional Medical Services, Inc., Craig Hutchinson, M.D., and Ardeshir Faghihnia, M.D., may take Plaintiff's deposition at a date and time convenient to the correctional facility in which Plaintiff is incarcerated. All parties are permitted to depose Plaintiff on this date.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: August 26, 2008         s/ Steven D. Pepe
Ann Arbor, MI           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 26, 2008.

                s/ Alissa Greer
                Case Manager to Magistrate
                Judge Steven D. Pepe
                (734) 741-2298