UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

                    Plaintiff,                    CIVIL NO: 07-12388

                                                  DISTRICT JUDGE MARIANNE O. BATTANI
                                                  MAGISTRATE JUDGE STEVEN D. PEPE

vs.

PATRICIA CARUSO ET AL,

                    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. #86)

Plaintiff filed his Complaint alleging violations of 42 U.S.C. § 1983, and the

Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*  According to Plaintiff, while he

was incarcerated in Jackson Michigan, at the Southern Michigan Correctional Facility

("SMCF"), Defendants refused to provide him with a diet free of fish, fish odor, milk, and

peanut butter in violation of the Eighth Amendment.  On December 31, 2008, Plaintiff moved for

this Court to appoint him counsel (Dkt. #86).  All pre-trial matters were referred under 28 U.S.C.

§ 636(b) on December 12, 2007 (Dkt. #27).  For the reasons indicated below, Plaintiff's motion

is GRANTED.

On September 29, 2008, Judge Battani entered an order denying Defendants' Warden

Sherry Burt, Food Service Director Greg Hissong and ARUS M. Hall's motion for summary

judgment and requests for qualified immunity (Dkt. #80).  In so doing, she also denied these

Defendants' requests to be dismissed as parties to this litigation.  Specifically, Judge Battani

found that factual issues existed relative to Plaintiff's serious medical need and/or these

1

Defendants' deliberate indifference, and that these issues may not be resolved on summary

judgment (Dkt. #80, p. 8).

In his latest request for counsel, Plaintiff indicates that he is unable to obtain material

medical records, contracts and other evidence that are in the possession of Defendants.  He also

indicates he is precluded from obtaining potentially relevant complaints of medical misconduct,

grievances and/or other adverse actions against the Defendants, as such materials are in the

Defendants' possession.  Plaintiff contends that the claims submitted by him against the

Defendants involve complex medical issues and medical procedures that are beyond the

Plaintiff's knowledge and skill.  Without the assistance of an attorney, Plaintiff does not believe

he will be able to obtain access to the material records and evidence in support of this cause of

action.  He believes that an attorney will be better able to adequately investigate, prepare and

present Plaintiff's claims.

In both civil rights and habeas cases, prisoners have a right of meaningful access to the

courts.  *John L. v. Adams*, 969 F.2d 228, 232 (6th Cir.1992).  Although there is generally no right

to counsel in such cases, counsel may be appointed in exceptional cases.  *Lavado v. Keohane*,

992 F.2d 601, 605-06 (6th Cir.1993).  Such exceptional circumstances exist where a prisoner

acting *pro se* has made a colorable claim, but lacks the means to adequately investigate, prepare

or present it.  *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); *Wright v. Dallas County

Sheriff Dept.*, 660 F.2d 623, 625 (5th Cir. 1981); *Stringer v. Rowe*, 616 F.2d 993, 1001 (7th

Cir.1980); *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir.1978); *Shields v. Jackson*, 570 F.2d

284, 286 (8th Cir.1978).

In this case, Plaintiff has presented a colorable claim, as evidenced by his ability to

2

survive a summary judgment motion.  Accordingly, Plaintiff's motion for appointment of counsel is **GRANTED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

s/STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 13, 2009

CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT A COPY OF THE FOREGOING ORDER WAS SERVED ON THE ATTORNEYS AND/OR PARTIES OF RECORD BY ELECTRONIC MEANS OR U.S. MAIL ON JANUARY 13, 2009.

s/V. SIMS
CASE MANAGER

3

4