UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

    Plaintiff,

v.

RICHARD CADY, RICHARD STAPLETON, M. HALL, FRED PARKER, JIM ARMSTRONG, SHERRY BURT, PATRICIA CARUSO, GREG HISSONG, ALFRED JONES, REY PATINO, R. HALSEY, AMADOR YBARRA, STEWART, GORDON MACLEAN, A. FAGHIHNIA, R. MONROE, J. RICCI, VALERIE HAMMOND, BETTY GLASPER, RON GREN, ELLLISWORTH, MARY JO MARSHALL, S. CAMPBELL, CAROL VALLIE, GERGORY NAYLOR, C. HUTCHINSON, CORRECTIONS MEDICAL SERVICES,

    Defendants.

_____/

Case No. 07-12388

Hon. Marianne O. Battani

Magistrate Judge Steven D. Pepe

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS HAMMOND AND MARSHALL'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff's Objections to the Report and Recommendation on Defendants Hammond and Marshall's Motion for Summary Judgment (Doc. No. 95). The Court has reviewed the objections and for the reasons that follow, the Court **ADOPTS** Magistrate Judge Pepe's Report and Recommendation.

## I. INTRODUCTION

Plaintiff filed his Complaint alleging violations of 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. According to Plaintiff, while he was incarcerated in Jackson Michigan, at the Southern Michigan Correctional Facility ("SMCF"), Defendants refused to provide him with a diet free of fish, fish odor, milk, and peanut butter in violation of the Eighth Amendment. The Court subsequently referred this matter to Magistrate Judge Steven D. Pepe for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

According to the Complaint, Defendant Valerie Hammond was the Health Unit Manager, in charge of "supervising nursing staff" and "physicians' medical delivery. Compl., ¶ 13. Defendant Mary Jo Marshall was employed by MDOC's Health Care Services and provided "health services to prisoners on behalf of the State as a Registered Nurse." Id., ¶ 22. In his Complaint, Vartinelli alleges that Marshall responded to a grievance, informing him that he could waive a medical accommodation by signing a release of responsibility. Compl., ¶ 43. Hammond allegedly did the same. In addition, Hammond is alleged to have told another Defendant, Greg Hissong, that Plaintiff did not have a prescribed diet. Compl., ¶ 39. According to Plaintiff, Hammond apologized to him and asked him to sign off on the grievance. When Plaintiff refused to do so, Hammond retaliated against him. Id., ¶ 40. Finally, Plaintiff alleges that Hammond denied his grievance regarding the delay in his treatment for shingles. Id., ¶ 47.

Defendants Hammond and Marshall filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies, and that they are entitled to qualified immunity. In the Report and Recommendation ("R&R") dated December 10,

2008, Magistrate Judge Pepe recommended that Defendants' motion be granted because Plaintiff has failed to name either Defendant in the nine grievances pursued through Step III of the process.  R&R at 12.

## II.     STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects.  28 U.S.C. § 636(b)(1)(C).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

In his objection, Plaintiff argues the merits of his claims; however, the Magistrate Judge does not recommend summary judgment based on the legal and factual soundness of Plaintiff's claims.  The analysis in the R&R is directed to the Prison Litigation Reform Act's ("PLRA") prohibition of the filing of lawsuits alleging a violation of federal law "with respect to prison conditions. . .until such administrative remedies as are available are exhausted," 42 U.S.C. § 1997e(a), and whether Plaintiff's claims against these Defendants

meet the exhaustion requirement.

The Magistrate Judge concluded Plaintiff's claims against these Defendants had not been exhausted. His determination is supported by governing case law. Specifically, in 2006, the Supreme Court interpreted § 1997e(a) to bar suit unless the prisoner presented his grievance to the state administrative appeal system within the procedural rules set by the state. Woodford v. Ngo, 548 U.S. 81 (2006). The Court reasoned that the "benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Id. Moreover, "the prison's requirements, and not the PLRA, define[s] the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 923 (2007).

The prison requirements for exhaustion as to a particular defendant during the relevant time frame required a prisoner to have identified mistreatment by the defendant at Step I of the grievance process. Specifically, MDOC Policy Directive 03.02.130, ¶ T, (effective December 19, 2003), includes the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." Consequently, when "an individual is not named in the Step I grievance, or his involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted." See Baden v. Robin, No. 1:07-cv-496, 2009 WL 456775 (W.D. Mich. Feb. 24, 2009) (citing Davis v. Straub, No. 1:07-cv-156, 2008 WL 696603, at * 5 (W.D. Mich. Mar.13, 2008)).

In his objection to the R&R, Vartinelli argues that he filed a grievance against Dr. Faghihnia, No. JMF-2004-12-2603-12d4, asking for someone other than Dr. Faghihnia to handle Plaintiff's health care.  Marshall is listed as the respondent to Plaintiff's Step I grievance response.  Hammond reviewed and signed the grievance response.  According to Plaintiff, these Defendants were involved personally because they spoke to Plaintiff, admitted that Dr. Faghihnia had a "terrible" bedside manners, and assured Plaintiff that they would talk to the doctor.  Objection, p. 2.  In addition, Hammond reviewed and signed the Step I grievance response to Grievance No. JMF-2005-04-737-12d2, in which Plaintiff complains about a delay in receiving an appointment for medical treatment.

These facts do not provide a basis for disagreement with the Magistrate Judge's recommendation.  Plaintiff's obligation to exhaust his claims against these Defendants is not satisfied by the fact that they have responded to a grievance.  Under MDOC Policy Directive 03.02.130, ¶ A, the respondent assigned to respond generally is "the supervisor of the person being grieved."  In sum, the Court finds that Defendants' involvement in the claims advanced by Vartinelli by virtue of their status as respondents or reviewers fails to meet prison criteria.  Plaintiff's exhausted grievances do not name either Hammond or Marshall.

Vartinelli also argues that the Magistrate Judge erred because his claims relate to an ongoing medical condition.  He relies on Ellis v. Vadlamudi, 568 F. Supp.2d 778 (E.D. Mich. 2008), to support his position that failure to exhaust defense must be rejected.

The Court finds that Ellis provides no basis to reject the R&R.  It addresses the timeliness of a grievance raising an ongoing medical condition, not the requirement to name defendants.  Accordingly, it is not persuasive as to the determination that Plaintiff has

failed to exhaust his grievances as to Defendants Hammond and Marshall.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation. Defendants' motion is **GRANTED. IT IS HEREBY ORDERED** that Defendants Hammond and Marshall are **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

    s/Marianne O. Battani
    MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE

DATE: March 13, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were e-filed and/or mailed to Plaintiff and counsel of record on this date.

    s/Bernadette M. Thebolt
    Deputy Clerk