**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARLO VARTINELLI,

              Plaintiff,                       Case No. 07-12388

                                            Hon. Marianne O. Battani

v.                                     Magistrate Judge Steven D. Pepe

RICHARD CADY, RICHARD
STAPLETON, M. HALL, FRED
PARKER, JIM ARMSTRONG,
SHERRY BURT, PATRICIA
CARUSO, GREG HISSONG,
ALFRED JONES, REY PATINO,
R. HALSEY, AMADOR YBARRA,
STEWART, GORDON MACLEAN,
A. FAGHIHNIA, R. MONROE, J. RICCI,
VALERIE HAMMOND, BETTY GLASPER,
RON GREN, ELLLISWORTH, MARY JO
MARSHALL, S. CAMPBELL, CAROL VALLIE,
GERGORY NAYLOR, C. HUTCHINSON,
CORRECTIONS MEDICAL SERVICES,

              Defendants.

_____ _____ _____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANTS CRAIG HUTCHINSON, M.D. AND CORRECTIONAL**
**MEDICAL SERVICES, INC.'s MOTION TO DISMISS**

        Before the Court is Plaintiff's Objections to the Report and Recommendation on

Defendants Craig Hutchinson, M.D., and Correctional Medical Services, Inc.,'s Motion to

Dismiss (Doc. No. 93).  The Court has reviewed the objections and for the reasons that

follow, the Court **ADOPTS** Magistrate Judge Pepe's Report and Recommendation.

## I.  INTRODUCTION

Plaintiff filed his Complaint alleging violations of 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.  According to Plaintiff, while he was incarcerated in Jackson Michigan, at the Southern Michigan Correctional Facility ("SMCF"), Defendants refused to provide him with a diet free of fish, fish odor, milk, and peanut butter in violation of the Eighth Amendment.  The Court subsequently referred this matter to Magistrate Judge Steven D. Pepe for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

According to the Complaint, Defendant Craig Hutchinson was employed as a Health Care Provider and responsible for the authorization, delivery, and enforcement of medical policies concerning the medical needs of prisoners.  Compl., ¶ 34. Defendant Corrections Medical Services ("CMS") is identified as a private company that contracted with the Michigan Department of Corrections to provide medical services to prisoners.  Id.., ¶ 35.

Defendants Hutchinson and CMS filed a motion to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies.  In the Report and Recommendation ("R&R") dated December 10, 2008, Magistrate Judge Pepe recommended that Defendants' motion be granted because Plaintiff has failed to name either Defendant in the nine grievances pursued through Step III of the process.  R&R at 11.

## II.    STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review

of those parts of the report and recommendation to which the party objects.  28 U.S.C. §
636(b)(1)(C).  The district court "may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."  Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the
United States Constitution mandates that the judicial power of the United States be vested
in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).
Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge
would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall,
842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

In his objection, Plaintiff argues the merits of his claims; however, the Magistrate
Judge does not recommend summary judgment based on the legal and factual soundness
of Plaintiff's claims.  The analysis in the R&R is directed to the Prison Litigation Reform
Act's ("PLRA") prohibition of the filing of lawsuits alleging a violation of federal law "with
respect to prison conditions. . .until such administrative remedies as are available are
exhausted," 42 U.S.C. § 1997e(a), and whether Plaintiff's claims against these Defendants
meet the exhaustion requirement.

The Magistrate Judge concluded Plaintiff's claims against these Defendants had not
been exhausted.  His determination is supported by governing case law.  Specifically, in
2006, the Supreme Court interpreted § 1997e(a) to bar suit unless the prisoner presented
his grievance to the state administrative appeal system within the procedural rules set by
the state.  Woodford v. Ngo, 548 U.S. 81 (2006).  The Court reasoned that the "benefits of
exhaustion can be realized only if the prison grievance system is given a fair opportunity

3

to consider the grievance." Id.  Moreover, "the prison's requirements, and not the PLRA, define[s] the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 923 (2007).

The prison requirements for exhaustion as to a particular defendant during the relevant time frame required a prisoner to have identified mistreatment by the defendant at Step I of the grievance process.  Specifically, MDOC Policy Directive 03.02.130, ¶ T, (effective December 19, 2003), includes the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." Consequently, when "an individual is not named in the Step I grievance, or his involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted."  See Baden v. Robin, No. 1:07-cv-496, 2009 WL 456775 (W.D.  Mich. Feb. 24, 2009) (citing Davis v. Straub, No. 1:07-cv-156, 2008 WL 696603, at * 5 (W.D. Mich. Mar.13, 2008)).

In his objection to the R&R, Vartinelli directs the Court's attention to copies of correspondence he had with Hutchinson regarding earlier medical problems as well as grievances that have been the subject of prior litigation.  See e.g. Exs. 65, 66.  In addition, in his Step II response to his grievance that Dr. Faghihnia had cancelled Plaintiff's special diet details, Vartinelli asserts that as early as 1992, he informed Dr. Hutchinson that he had trouble digesting greasy food.

Plaintiff further asserts that CMS denied a test recommended by Dr. DeTorrez in

4

May 2002.  Although this information sheds light on Plaintiff's current claims, these references in no way satisfy the Policy Directive.  This Court agrees with Magistrate Judge Pepe, that Plaintiff failed to exhaust any grievance as to Hutchinson and CMS.

## IV.  CONCLUSION

Accordingly,  the  Court  **ADOPTS**  the  Magistrate  Judge's  recommendation. Defendants' motion is **GRANTED.  IT IS HEREBY ORDERED** that Defendants Hutchinson and CMS are **DISMISSED** without prejudice.

**IT IS SO ORDERED**.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATE: March 13, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were e-filed and/or mailed to Plaintiff and counsel of record on this date.


s/Bernadette M. Thebolt
Deputy Clerk