UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

      Plaintiff,

v.

RICHARD CADY, RICHARD
STAPLETON, M. HALL, FRED
PARKER, JIM ARMSTRONG,
SHERRY BURT, PATRICIA
CARUSO, GREG HISSONG,
ALFRED JONES, REY PATINO,
R. HALSEY, AMADOR YBARRA,
STEWART, GORDON MACLEAN,
A. FAGHIHNIA, R. MONROE, J. RICCI,
VALERIE HAMMOND, BETTY GLASPER,
RON GREN, ELLLISWORTH, MARY JO
MARSHALL, S. CAMPBELL, CAROL VALLIE,
GERGORY NAYLOR, C. HUTCHINSON,
CORRECTIONS MEDICAL SERVICES,

      Defendants.

_____/

Case No. 07-12388

Hon. Marianne O. Battani

Magistrate Judge Steven D. Pepe

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT NAYLOR'S MOTION FOR SUMMARY JUDGMENT**

      Before the Court is Plaintiff's Objections to the Report and Recommendation on Defendant Naylor's Motion for Summary Judgment (Doc. No. 94). The Court has reviewed the objections and for the reasons that follow, the Court **ADOPTS** Magistrate Judge Pepe's Report and Recommendation.

## I. INTRODUCTION

Plaintiff filed his Complaint alleging violations of 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. According to Plaintiff, while he was incarcerated in Jackson Michigan, at the Southern Michigan Correctional Facility ("SMCF"), Defendants refused to provide him with a diet free of fish, fish odor, milk, and peanut butter in violation of the Eighth Amendment. The Court subsequently referred this matter to Magistrate Judge Steven D. Pepe for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendant Naylor filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies, and that he is entitled to qualified immunity.

In the Report and Recommendation ("R&R") dated December 10, 2008, Magistrate Judge Pepe recommended that Defendant's motion be granted because Plaintiff has failed to exhaust any grievance as to this Defendant. Vartinelli's exhausted grievances do not name Naylor. Specifically, the Magistrate Judge concluded that Plaintiff filed and pursued nine grievances through Step III of the process, but that Plaintiff failed to exhaust as to Naylor. R&R at 10.

## II.     STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(C). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III. ANALYSIS

In his objection, Plaintiff argues the merits of his grievances. The Magistrate Judge does not recommend summary judgment based on the legal and factual soundness of Plaintiff's claims. The analysis in the R&R is directed to the Prison Litigation Reform Act's ("PLRA") prohibition of the filing of lawsuits alleging a violation of federal law "with respect to prison conditions. . .until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Magistrate Judge noted that the governing grievance policy required Plaintiff to include names of potential defendants in his grievances. His determination is supported by governing case law. In 2006, the Supreme Court interpreted this provision to bar suit unless the prisoner presented his grievance to the state administrative appeal system within the procedural rules set by the state. Woodford v. Ngo, 548 U.S. 81 (2006). The Court noted, "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. Moreover, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 923 (2007).

The prison requirements for exhaustion as to a particular defendant during the relevant time frame required a prisoner to have identified mistreatment by the defendant at Step I of the grievance process.  Specifically, MDOC Policy Directive 03.02.130, ¶ T, (effective December 19, 2003), includes the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." Consequently, when "an individual is not named in the Step I grievance, or his involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted." See Davis v. Straub, No. 1:07-cv-156, 2008 WL 696603, at * 5 (W.D. Mich. Mar.13, 2008).  The evidence is undisputed that Plaintiff did not name Naylor in any of his exhausted grievances.

Vartinelli also argues that the Magistrate Judge erred because his claims relate to an ongoing medical condition.  He relies on Ellis v. Vadlamudi, 568 F. Supp.2d 778 (E.D. Mich. 2008), to support his position that Naylor's failure to exhaust defense must be rejected.

The Court finds that Ellis provides no basis to reject the R&R.  It addresses the timeliness of a grievance raising an ongoing medical condition, not the requirement to name defendants.  Accordingly, it is not persuasive as to the determination that Plaintiff has failed to exhaust his grievances as to Defendant Naylor.

**IV. CONCLUSION**

4

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation. Defendant's motion is **GRANTED.  IT IS HEREBY ORDERED** that Defendant Naylor is **DISMISSED**.

**IT IS SO ORDERED**.

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATE: March 13, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were e-filed and/or mailed to Plaintiff and counsel of record on this date.

        s/Bernadette M. Thebolt
        Deputy Clerk