UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

    Plaintiff,

v.

RICHARD CADY, RICHARD STAPLETON, M. HALL, FRED PARKER, JIM ARMSTRONG, SHERRY BURT, PATRICIA CARUSO, GREG HISSONG, ALFRED JONES, PATINO REY, R. HALSEY, AMADOR YBARRA, STEWART, GORDON MACLEAN, A. FAGHIHNIA, R. MONROE, J. RICCI, VALERIE HAMMOND, BETTY GLASPER, RON GREEN, ELLLISWORTH, MARY JO MARSHALL, S. CAMPBELL, CAROL VALLIE, GERGORY NAYLOR, C. HUTCHINSON, CORRECTIONS MEDICAL SERVICES,

    Defendants.

Case No. 07-12388

Hon. Marianne O. Battani

Magistrate Judge Steven D. Pepe

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT ARDESHIR FAGHIHNIA, M.D.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Carlo Vartinelli, a state prisoner, filed this action *pro se* alleging that Defendants violated his constitutional rights. Now before the Court are Plaintiff's Objections to Magistrate Judge's Report and Recommendation on Defendant Ardeshir Faghihnia.

The Court has reviewed the pleadings, including Plaintiff's objections, Defendant's response, and Plaintiff's cross-reply.  For the reasons that follow, the Court finds Plaintiff's objections lack merit and **GRANTS** Defendant Ardeshir Faghihnia's request for summary judgment (Doc. No. 89).

## I. INTRODUCTION

Vartinelli filed his Complaint alleging violations of 42 U.S.C. § 1983, and the Americans with Disabilities Act, (ADA) 42 U.S.C. § 12131 et seq.  According to Plaintiff, while he was incarcerated in Jackson Michigan, at the Southern Michigan Correctional Facility ("SMCF"), Defendants refused to provide him with a diet free of fish, fish odor, milk, and peanut butter in violation of his constitutional rights and statutory rights.  The Court subsequently referred this matter to Magistrate Judge Steven D. Pepe for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

In his motion, Dr. Faghihnia argues that Plaintiff failed to state a claim under the ADA and failed to submit any evidence of deliberate indifference to a serious medical need as necessary to succeed on an Eighth Amendment claim.

In the Report and Recommendation ("R&R") dated August 3, 2009, Magistrate Judge Pepe recommended that Defendant's motion be granted for several reasons.  As to Plaintiff's claim under Title II of the ADA, the Magistrate Judge concluded that Plaintiff "had failed to put forth sufficient evidence to demonstrate that [defendant] is a "public entity" as defined in the Act.  R&R at 9.  Plaintiff's Objection does not address the recommendation for summary judgment on this claim.  Accordingly, he has waived his right to object to this

2

recommendation.

As for Plaintiff's Eighth Amendment claim, the Magistrate Judge concluded that Plaintiff failed to satisfy the subjective component of deliberate indifference. A meritorious Eighth Amendment claim demonstrates "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). During the eight-month period that Vartinelli was incarcerated at Southern Michigan Correctional Facility, Dr. Faghihnia saw Plaintiff on at least twelve occasions. Each time, Defendant provided treatment for Plaintiff's medical condition. Consequently, the Magistrate Judge found no evidence that Dr. Faghihnia actually knew of a serious medical need and disregarded it with the intention to punish Vartinelli. In addition, the Magistrate Judge found no evidence that Defendant treated Plaintiff without consent.

Lastly, the Magistrate Judge recommended that the Court disregard any claim of retaliation because Plaintiff had not advanced the claim against Dr. Faghihnia until his response to the summary judgment motion. Moreover, the Magistrate Judge found no evidence in support of the claim that Dr. Faghihnia was motivated to take adverse action against Vartinelli because Vartinelli had filed a grievance.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(C). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the

United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III. ANALYSIS

Vartinelli raises objections to the Magistrate Judge's evaluation of his claim that he was treated without consent and his delay of treatment claim. Finally, Plaintiff disputes whether he brought a claim under the First Amendment. The Court addresses each objection below.

### A. Informed Consent

To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, a prisoner must allege facts evidencing a deliberate indifference to serious medical needs. Farmer v. Brennan, 511 U.S. 825, 838-42 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991). Plaintiff asserts that Dr. Faghihnia's indifference to Plaintiff's right to accept or reject proposed medical treatment through informed consent violated the United States Constitution. Vartinelli relies on Policy Directive 03.054.105, which governs informed consent, as the basis for his claim. The policy directive requires that before medical care is provided, Heath Care staff must obtain the consent of the prisoner.

In this case the challenged conduct concerns an order, written by Dr. Faghihnia, that Plaintiff be placed in microwave free housing. In his Affidavit, Dr. Faghihnia asserts that

he wrote a special accommodation order for Plaintiff in late January 2005. Doc. No. 89, Ex. 5 at ¶ 8. The accommodation required Plaintiff to be housed in a unit without a microwave due to his fish allergy. Id. It also required a fish free meal to be brought to Vartinelli's unit when fish was served. Id. There is no dispute that the order was written after Plaintiff had been taken to an emergency room and diagnosed with an allergic reaction to fish that was allegedly cooked in a microwave in his unit. Id. at ¶¶ 8, 9.

For purposes of this motion, the Court assumes that Plaintiff had not consented to the housing accommodation. Plaintiff refused to be treated by Dr. Faghihnia the following month; however on March 29, 2005, during an examination of Plaintiff, Defendant learned from Plaintiff that the medical accommodation resulted in Plaintiff's transfer to a higher security level housing. Id. at ¶¶ 11, 12, Plaintiff also stated he did not have a problem with fish being warmed in the microwave. Consequently, Dr. Faghihnia canceled the microwave free detail, and after Plaintiff signed a waiver, he was returned to lower securing level housing.

There is ample law addressing whether coerced medical treatment or treatment given without informed consent constitutes cruel and unusual punishment. See Mackey v. Procunier, 477 F.2d 877, 878 (9th Cir. 1973) (prisoner possibly stated Eighth Amendment claim where he alleged he was administered a drug without his consent); Knecht v. Gillman, 488 F.2d 1136, 1139-40 (8th Cir. 1973) (forced administration of a drug that induced vomiting was cruel and unusual punishment); see also Runnels v. Rosedale, 499 F.2d 733, 735 (9th Cir. 1974) (finding major surgery without consent could violate a prisoner's Fourteenth Amendment right to be secure in the privacy of one's own body against invasion by the state). This is not such a case. Even if a housing accommodation

can be deemed medical treatment, it is the type of forced administration of unwanted medical treatment that raises a constitutional violation under the Eighth Amendment. Here, Defendant merely wrote an accommodation for housing.

In Davis v. Agosto, No. 3:01-CV-180-S, 2002 WL 1880761) (W.D. Ky. August 15, 2002), aff'd, 2004 WL 376833 (6th Cir. February 27, 2004), the district court observed that the defendants' failure to obtain informed consent prior to administering medical treatment did not rise to the level of a constitutional violation. In Davis, 2002 WL 1880761, the prisoner complained that medical staff closed a wound after he withdrew his consent. The court reasoned that the claim was not viable under Estelle because he made no allegation of deliberate indifference. Instead, the plaintiff alleged "the opposite"– that "he was treated against his will." Davis, at *3. In affirming the decision, the appellate court reasoned, "Such sensible actions by prison officials do not violate the Eighth Amendment." Davis, 2004 WL 376833 at *6. The rationale applies here–Dr. Faghihnia's reaction to Plaintiff's need for emergency treatment was sensible. His order for microwave free housing for Vartinelli was a reasoned response to Vartinelli's fish allergy.

To the extent that Plaintiff asserts that the conduct violates his liberty interest as protected by the Fourteenth Amendment, the Court notes that his interest "is not absolute and is particularly susceptible to regulation in the prison setting." Id. An accommodation to prevent a severe allergic reaction to fish being cooked in the unit microwave does not violate Vartinelli's Fourteenth Amendment rights. Accordingly, Plaintiff's claim fails as a matter of law.

6

**B. Exposure to Shingles**

Next, the Court assesses Plaintiff's claim that his exposure to shingles because he was housed in a unit with other inmates so afflicted violates the Eighth Amendment. To succeed on a claim that Dr. Faghihnia was deliberately indifferent, Vartinelli must satisfy both an objective element and a subjective one. Wilson, 501 U.S. at 300. More specifically, to establish the subjective component, Vartinelli must show that Dr. Faghihnia "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837 (holding that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986). In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. Westlake v. Lucas, 537 F.2d 857, 860 n. 4 (6th Cir. 1976).

Here, Plaintiff cannot demonstrate that Dr. Faghihnia "subjectively perceived a risk of harm and then disregarded it." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (citing Farmer, 511 U.S. at 837). In his objection to the Report and Recommendation, Plaintiff recharacterizes his claim from one of exposure to shingles to a delay in the treatment he received. It is undisputed that Dr. Faghihnia examined Plaintiff on April 26, 2005, and treated him for shingles. Although Plaintiff's medical treatment was delayed, there is no basis for attributing the delay to Dr. Faghihnia. To the contrary, it appears that

7

several factors led to the delay, including a security issue and delayed processing of Plaintiff's request to see the doctor. In the present case, the competent summary judgment evidence does not support a conclusion that Dr. Faghihnia was deliberately indifference to Plaintiff's medical condition.

### C. Retaliation

The Magistrate Judge correctly noted in the R&R that Plaintiff had not alleged a claim of retaliation against Dr. Faghihnia in the Complaint. Vartinelli objects to this finding based on an exhibit to his Complaint. The exhibit is a grievance in which Vartinelli stated that he was placing Dr. Faghihnia on notice that legal action would be pursued.

This Court agrees that even given a broad reading, the Complaint does not advance a claim of retaliation against Dr. Faghihnia. Plaintiff included allegations in his Complaint that other parties retaliated against him; therefore, the absence of specific allegations as to this Defendant cannot be ignored. Moreover, the Complaint includes no factual allegations relative to the elements of a retaliation claim. Consequently, Plaintiff's reliance on his grievance is misplaced, and his objection is unavailing.

### IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation. Defendant's motion is **GRANTED**.

**IT IS SO ORDERED**.

                                         s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

DATE: September 25, 2009

**CERTIFICATE OF SERVICE**

Copies of this Order were e-filed and/or mailed to Plaintiff and counsel of record on this date.

                                               s/Bernadette M. Thebolt
                                               Case Manager